## The State vs. Dover.

Informations may be filed at any regular term of the court, by the attorney general, or the solicitor in his absence, at their discretion, in all cases of offences and misdemeanors, excepting in capital cases, or other infamous crimes.

When such informations are filed, no previous examination is made or leave granted by the court; but the information is filed solely on the responsibility of the prosecuting officer.

This was an information filed by the attorney general at the January term of the court of common pleas, in this county, in 1838, in which information it was alleged that there having been occasion for a new highway in Dover, application to lay out the same was duly made to the selectmen of said Dover, and they refused to lay out the same, whereupon a petition was duly presented to said court to lay out said highway, and the same was duly and legally laid out by said court, by means of which the said town of Dover by law became liable to build said highway and make the same passable, which they have neglected and refused to do, and still neglect and refuse to do, contrary to the form of the statute, &c. —wherefore said attorney general, who prosecutes for said state, prays the consideration of the court in the premises, &c.

The town of Dover moved the court to quash the information, on the ground that it was improperly filed, and that by law no information in this state can be the ground of any legal proceedings in cases which might properly be laid before the grand jury.

*Hale*, for the defendants, contended :

1. That informations filed by any prosecuting officer were illegal and against the rights of the citizen, as secured by the constitution and laws of New-Hampshire, in all cases which might properly be laid before a grand jury.

2. That if an information could be filed by a prosecuting officer, for not building or repairing a highway, it could only

be done on leave of the court, and on furnishing evidence that the grand jury had been guilty of gross misbehavior in not finding a bill.

*Gove*, attorney general, cited the following authorities as sustaining the information. 4 *Burr.* 2576; 2 *Haw. Pleas Crown, chap.* 26; 1 *Shower* 118; *Con. N. H.;* 1 *Laws N. H.* 22; *ditto* 108.

The constitution of the United States limits proceedings by *indictment* or presentment of a grand jury only to capital cases, or other infamous crime, leaving the inference that lesser offences might be proceeded against by information. *Amendments of the U. S. Constitution, art. 5.*

UPHAM, J. Proceedings by information were very early sanctioned in the English courts, and it is remarked by Mr. Justice Blackstone, " that while these proceedings were car- ' ried on in a regular and legal course in the court of king's ' bench, the subject had no cause of complaint. The ' same notice was given, the same trial by jury was had, ' and the same judgment was given, as if the prosecution ' had originally been by indictment; but when the statute ' of 3 Henry VII. had extended the jurisdiction of the ' court of star chamber, and informations became restricted ' in practice to that court, the members of which were the sole ' judges of the law, the fact and the penalty, a very op- ' pressive use was made of them for something more than a ' century, so as continually to harass the subject and shame- ' fully enrich the crown." 4 *Black. Com.* 310.

The court of star chamber was abolished by act of 16 Car. I., and proceedings by information were again revived in the regular action of the court of king's bench.

Such, however, was the prejudice which had arisen from long abuse of process of this description, that it was strenu- ously contended at this period in the king's bench that all proceedings by information were illegal, as being contrary to

the original frame and nature of English laws, and to Magna Charta.

These exceptions, however, after full consideration, were overruled, and it was remarked by Sir Matthew Hale, " that ' although in all criminal cases the most regular and safe way, ' and most consonant to the statute of Magna Charta, is by ' presentment, or indictment of twelve sworn men, yet, for ' crimes inferior to capital ones, proceedings might be by in- ' formation ; and this, from long and frequent practice, he held ' was certainly established as the law of the land." *5 Mod.* 463 ; *Show.* 106 ; *Bac. Ab., Information, A ; 2 Haw. P. C.* 260 ; 4 *Black. Com.* 310 ; 1 *Chit. Crim. Law* 843 ; 1 *Erskine's Speeches* 275.

From that time to the present, proceedings by information have continued without exception in England, and the process was well known and established in the provincial courts in this country.

It is said by Chief Justice Parsons, in the case of *The Commonwealth* vs. *Waterborough, 5 Mass.* 259, " that from ' time immemorial informations have been sustained in Mas- ' sachusetts, and that it was a general rule that all public mis- ' demeanors which might be prosecuted by indictment, might ' be prosecuted by information, unless the prosecution was ' restrained by statute to indictment."

It is provided in the present and the previous constitution of New-Hampshire, " that all indictments, presentments and *informations* shall conclude, against the peace and dignity of the state ;" and the act directing the mode of levying execu- tions against town corporations, and certain other proceed- ings, passed Dec. 20th, 1797, soon after the present consti- tution went into effect, prescribes the mode of service " of indictments, presentments and *informations against towns.*"

The provisions of this act are still in force, under the re- vised statute of June 26th, 1827. 1 *N. H. Laws*, 109.

The term *information* is clearly used in these cases in distinction from that of indictment, or presentment, and in

conformity to the definition attached to the term in the long previously established practice of process of this description.

Our constitution, therefore, instead of prohibiting the filing of informations, expressly recognizes them as lawful process.

In the case of *The State* vs. *Kittery*, 5 *Green.* 254, exception was taken that the mode of proceeding against towns for the repair of highways, by information instead of indictment by the grand jury, violated the provisions of the constitution of the state of Maine ; but the exception was expressly overruled by the court, and it was so held, notwithstanding the constitution of the state of Maine has no clause recognizing process by information, whereas the constitution of this state expressly refers to and sanctions such process, prescribing that " it shall conclude, against the peace and dignity of the state."

It has been farther contended, that an information cannot be filed by the attorney general against a town for not building or repairing highways, except on leave of the court, and on furnishing evidence that the grand jury have been guilty of gross misbehavior in not finding a bill.

The rule on this subject, as laid down in the English authorities, is that the attorney general is the sole judge of what public misdemeanors he will prosecute, and that he may file an information against any one whom he thinks proper to select, without oath or motion, or without opportunity for the defendant to show cause against the proceeding ; and that the conduct, continuance, the suspension and the dropping the prosecution, are left entirely to his discretion ; subject, of course, to the liabilities imposed by law for wilful abuse of process.    11 *Har. State Trials* 270 ; 4 *Black. Com.* 312 ; *Bac. Ab., Information, A ;* 1 *Chit. Crim. Law* 845.

In the English practice, informations may be issued from the crown office in certain cases, on the complaint or suggestion of others than the attorney general ; and such informations are not granted except on leave of court, upon regular motion, grounded on proper affidavits, and which are not

sufficiently answered by the party accused.   1 *Chit. Crim. Law* 850.

It is said, in a note to 10 *Petersdorf's Ab.* 354, in reference to informations as to highways *filed in the crown office*, " that the court *will not grant* an information to compel ' a parish to repair an highway which is not much used, and ' when it appears that another highway equally convenient ' to the public, is in good repair ; and that they *will not give* ' *leave* to file an information, unless it appear that the grand ' jury have been guilty of gross misbehavior in not finding a ' bill."

The restrictions and limitations here named are, however, confined exclusively to informations filed *by other authority* than the attorney general.

The statute of 5 Wm. & Mary, which provides that leave may be given by the court to file informations in certain cases by the crown officer, has been expressly adjudged to be in no manner applicable to proceedings instituted by the attorney general, and that his authority remains entirely as it existed at common law.

We are not aware, therefore, of any practice, either in this country or England, limiting the action of the attorney general in granting informations to leave of the court, or to any preliminary enquiry instituted by them.   It is an official act, devolving solely on this officer, in which no motive can exist, on his part, other than to protect and promote the public interest, and we believe the power has hitherto been exercised in this country without legal exception or complaint.

*The motion, therefore, to quash, does not prevail.*